UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
THE NATIONAL ACADEMY OF                    :
TELEVISION ARTS AND SCIENCES, INC.         :
and ACADEMY OF TELEVISION ARTS &           :
SCIENCES,                                  :          Civil Action No. 1:20-cv-07269
                                           :
                    Plaintiffs,            :
                                           :
           -v-                             :          **DECLARATION OF**
                                           :          **JOHN H. SNYDER**
MULTIMEDIA SYSTEM DESIGN, INC.             :
d/b/a "CROWDSOURCE THE TRUTH",             :
                                           :
                    Defendants.            :
---------------------------------------------------------------X

JOHN H. SNYDER, an attorney licensed to practice in the State of New York and this Court, states as follows in support of his motion for leave to withdraw as counsel of record in the above-captioned matter, which is made pursuant to SDNY Local Rule 1.4, as well as Rule 1.7 and 1.16 of the N.Y. Rules of Professional Conduct. I also respectfully request a 90-day adjournment of the discovery sanctions hearing scheduled for August 16, 2021, so as to give Mr. Goodman and his company time to find new counsel.

1.  Your Declarant has practiced in this Court for 16 years, including volunteering significant time as an unpaid court-appointed mediator for the Southern District. I have always represented my clients with loyalty and zeal, advancing my client's lawful objectives to the best of my ability. Nor have I shied away from representing underdogs and clients with unpopular opinions. As a young lawyer, I learned that our system of justice depends on lawyers being willing to take on hard cases and unpopular clients.

2.  With considerable regret, I must respectfully ask the Court for leave to withdraw from the representation of Jason Goodman and his company, Multimedia System Design, Inc.

1

Simply put, Mr. Goodman's journalism appears to have attracted opposition, including but not limited to Mr. Sweigert, whose antipathy toward Mr. Goodman is beyond anything I have experienced in nearly two decades as a New York litigator.

3. The Court is aware of David Sweigert, the *pro se* plaintiff in *Sweigert v. Goodman*. For many months, Mr. Sweigert has been making negative posts about me on his blog, which of course I ignored. Then, in May 2021, Sweigert started sending emails to dozens of recipients (including the New York Attorney General), purporting to make a bar complaint against me. Again, I ignored Mr. Sweigert. However, a couple weeks ago, Mr. Sweigert crossed the line by posting a photograph of my young child. In light of the surrounding circumstances, I construe this as either a threat or a warning.

4. Since the time Mr. Sweigert posted a photo of my child, I have made inquiries and formed the opinion that Mr. Sweigert (and others who share antipathy toward Mr. Goodman) are not people I want to fight with. I cannot determine what motivates them, but I have no reason to assume they are harmless.

5. In moving to withdraw, I intend no criticism of Mr. Goodman or his journalistic pursuits. Mr. Goodman is a cordial and cooperative client who works extremely hard on his craft. Nevertheless, Mr. Goodman's work seems to have attracted opposition that is outside of my comfort zone.

6. Rule 1.16 of the N.Y. Rules of Professional Conduct makes withdrawal mandatory when "the lawyer knows or reasonably should know that the representation will result in a violation of these Rules or of law. . . ."

7. Under Rule 1.7 of the N.Y. Rules of Professional Conduct, "a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . there is a significant risk that the

lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests."

8. In this instance, my professional judgment is 100% impaired. I have agonized over this decision, but at the end of the day, I cannot zealously represent Mr. Goodman's interests if I am worried about my family. For that reason, I consider my withdrawal to be mandatory.

9. It will be a challenge for Mr. Goodman to find new counsel. For that reason, I respectfully request that the pending August 16, 2021 discovery sanctions hearing be adjourned for at least 90 days in order to give Mr. Goodman and his company time to retain new counsel.

10. Mr. Goodman has authorized me to advise the Court that he consents to my withdrawal. I have assured Mr. Goodman that I will cooperate fully in transitioning the file. I further confirm that Mr. Goodman has no further financial obligation to my firm.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 13, 2021.

_____
JOHN H. SNYDER