20-cv-7269

Hon. Judge Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

August 25, 2021

Your Honor,

Mr. Klayman has not been retained by and does not represent me or Multimedia System Design, Inc ("MSD"). Mr. Klayman is a friend, colleague, and regular co-host on my talk show. Like me and Mr. Snyder, Mr. Klayman has been persistently harassed by David George Sweigert (not to be confused with his brother and alleged co-conspirator George Webb Sweigert).

The correspondence between myself and Mr. Klayman did not pertain to NATAS v MSD but rather my ongoing efforts with Mr. Klayman to stop Sweigert's vexatious and damaging criminal harassment. Mr. Klayman and I have met and conferred with law enforcement several times including NYPD, Philadelphia PD and the FBI Joint Terrorism Task force. We have submitted numerous reports to the FBI pertaining to the death threat and other things perpetrated by Sweigert.

The Court is aware Swiegert's death threat against Mr. Snyder's three-year-old infant daughter was the direct cause cited by Snyder for his withdrawal. Sweigert's brazen harassment of me, my lawyer, and my associates in addition to his other disturbances of this legal matter has substantially complicated my task of retaining new counsel.

I should also further clarify that no business entity Multimedia Systems Design, Inc ("MSDI") exists to my knowledge. These are misnomers deliberately introduced by Sweigert, repeated and galvanized by Plaintiff and now referenced by the Court. My corporation is Multimedia System Design, Inc. There is no pluralization in the correct name. The company has only been referenced by the Defendant in this action as ("MSD") or ("Multimedia") and I articulated this to Plaintiff in my deposition. I respectfully request that the Court compel the Plaintiff to discontinue use of the MSDI misnomer. I allege Plaintiff is using this misnomer intentionally to assist Mr. Sweigert in defiance of my repeated requests.

As a professional hacker and social engineer, Sweigert regularly relies on false online identities, false mailing addresses, falsely named social media accounts and even clandestine third-party operatives in furtherance of his vexatious behavior. Sweigert tags hidden posts and identifies targets with coded names like "#SDNYORG" to catalog material, facilitate searches of hidden information and enable cooperation between clandestine operatives who may not even know the full scope of Sweigert's efforts, or the identities of others involved.

I allege Sweigert is doing this now as part of his hacker social engineering effort to penetrate and affect the outcome of this instant legal action. Plaintiff's use of the false moniker "MSDI" is assisting Sweigert. Despite repeated strenuous efforts by me to cause the Plaintiff to cease utilizing this coded false reference, Plaintiff has persisted in relying on Sweigert's nomenclature and has even relied on false evidence provided by Sweigert. I continue to allege this is motivated by Plaintiff's intention to cooperate with Sweigert as I have from the outset of this matter.

I was not aware and do not recall that ████████████████ was subject to a protective order. If Mr. Snyder shared that with me, I do not recall him telling me it was to be kept secret. Prior to the

commencement of this legal action, I informed Plaintiff that I believed the owner of that email account to be Mr. Sweigert or someone acting on his behalf. I further stated my belief that this matter was brought for the improper purpose of financially harassing me and placing me in legal jeopardy, NOT to cure the alleged injury. Rather than accepting my offer of August 2020 to remove the image quickly and quietly prior to the start of this action, Plaintiff insisted on damaging my business by disabling my YouTube account and pursuing costly, time-consuming legal action, demonstrating their shared goal with Sweigert.

In fact, the last question I asked Mr. Snyder before he informed me of his intention to withdraw was in regard to this email address. I had insisted for months that Snyder seek a subpoena of Google to learn the identity of the owner of this jealously guarded email address and he inexplicably refused to do it. He then refused to answer why he would not and simply proceeded to withdraw.

I remain curious as to why counsel for Plaintiff initially made a false statement about the identity of the email owner and now remains adamant in its effort to suppress the origin of the email which gave rise to this entire dispute.

I am actively seeking counsel to carry on with this matter and intend to have new representation prior to the deadline provided by the Court.

Respectfully Submitted,

Jason Goodman
252 7th Avenue #6s
New York, NY 10001
truth@crowdsourcethetruth.org
323-744-7594