**FINNEGAN** | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

MARGARET A. ESQUENET
202.408.4007
margaret.esquenet@finnegan.com

August 24, 2021

**FILED UNDER SEAL**[1]

Hon. Judge Valerie E. Caproni                                      **VIA ECF**
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:      NATAS *et al.* v. Multimedia Systems Design Inc., 20-CV-7269 (Caproni, J.)
                Communications from Defendant and Violation of Protective Order

Dear Judge Caproni:

      We represent the Plaintiffs in the above-referenced matter.

      We write regarding communications the undersigned received from non-party Jason Goodman, principal of Defendant Multimedia Systems Design Inc. ("MSDI"), regarding his correspondence with an attorney that was allegedly inadvertently disclosed to Plaintiffs' counsel as well as numerous third parties. The correspondence indicates that Mr. Goodman willfully violated the Stipulated Protective Order entered in this case. *See* ECF No. 41 ("SPO").

      On August 13, 2021, this Court granted prior counsel for MSDI's motion to withdraw, reminded Mr. Goodman that "he cannot represent his company" and ordered Mr. Goodman to retain counsel by November 15, 2021. ECF No. 104. Since then, Plaintiffs' understanding has been that MSDI and Mr. Goodman are not represented by counsel in this matter.

      On Monday, August 23, 2021, we received Mr. Goodman's reply to non-party George Sweigert's email of that same date regarding Mr. Goodman's corporation conducting allegedly unauthorized business in New York (Ex. A, the "Sweigert Email").[2] Mr. Goodman's "reply-all"

---

[1] Out of an abundance of caution Plaintiffs file this letter and its exhibits under seal in their entirety because Defendant indicates that at least some of these communications are confidential or otherwise protected. Plaintiffs request only that the email address that was provided to Defendant pursuant the Stipulated Protective Order entered in this case be redacted from any publicly available materials.

[2] The email included a broad swath of recipients, including the undersigned, ten email addresses for the Federal Trade Commission, eleven email addresses from the Office of the New York Attorney General, and various news media organizations (e.g., CNN, NBC, Forbes, New York Post, Daily Beast, Daily Caller, Pro Publica). Mr. Sweigert and Mr. Goodman have, throughout this proceeding, sent many similar emails unrelated to this case that copy the undersigned and many recipients in government and media.

Hon. Judge Valerie E. Caproni
Page 2

email (Ex. A, "Goodman Reply to Sweigert") asked all 39 recipients to "disregard" the Sweigert Email and made additional allegations. The Goodman Reply to Sweigert included and copied a Gmail email address that was disclosed by Plaintiffs to MSDI under a CONFIDENTIAL designation pursuant to the SPO (the "Gmail Address").

The Goodman Reply to Sweigert was also sent to Larry Klayman, who is apparently an attorney, as demonstrated by Mr. Klayman's "reply-all" email to the undersigned and all recipients of the Sweigert Email (Ex. A, the "Klayman Email"). The Klayman Email purports to give Mr. Goodman legal advice regarding the Sweigert Email and suggests that Mr. Goodman may, in fact, be represented by counsel.

Mr. Goodman replied to the Klayman Email with his own "reply-all" email (Ex. A, the "Goodman Reply to Klayman"). In that communication, Mr. Goodman suggests to Mr. Klayman that he willfully violated the SPO by both disclosing at least the Gmail Address to Mr. Klayman and disclosing and using the Gmail Address for purposes unrelated to this action. Mr. Goodman further stated that he was able to do so with impunity because he does not have an attorney to be sanctioned, and because Mr. Goodman cannot appear Pro Se on behalf of corporate defendant MSDI. *See id.*

Thereafter, Mr. Goodman contacted the undersigned via telephone indicating that the Klayman Email and the Goodman Reply to Klayman were not intended to be provided to the undersigned and requesting a conference (Ex. B, transcript of August 23, 2021 voicemail). Replying by email, we explained that we could not speak with Mr. Goodman directly to the extent he and/or his company are represented parties pursuant to ABA Model Rule 4.2 and other applicable ethical rules. (Ex. C, "Esquenet Reply"). Although Mr. Goodman replied by email (Ex. C), we have not had further communications with Mr. Goodman in view of our ethical obligations regarding parties represented by counsel (*e.g.*, Mr. Klayman) and the dispute regarding whether the allegedly inadvertent disclosure of the communications between Mr. Klayman and Mr. Goodman constitutes a privilege waiver or other public disclosure.

We accordingly seek the Court's guidance regarding whether Defendant should be treated as a represented party.

We further write to request that the Court address MSDI's violation of the SPO. Mr. Goodman (i) shared the Gmail Address intentionally with 39 recipients in the Goodman Reply to Sweigert, including several of the largest media organizations in the world; (ii) emailed the Gmail Address as a "Cc" recipient of the Goodman Reply to Sweigert, (iii) shared the Gmail Address with Larry Klayman (who is not authorized to receive such information, *see* SPO at 4, ¶ 7(b)), and (iv) admitted in the Goodman Reply to Klayman that these violations of the SPO were willful and perpetrated because Goodman believed he could do so with impunity.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

Hon. Judge Valerie E. Caproni
Page 3

        Respectfully submitted,

        FINNEGAN, HENDERSON, FARABOW
        GARRETT & DUNNER LLP

        /s/ Margaret A. Esquenet
        Margaret A. Esquenet, Esq.
        B. Brett Heavner, Esq.
        Samuel V. Eichner, Esq.
        901 New York Ave, NW
        Washington, DC 20001
        margaret.esquenet@finnegan.com
        b.brett.heavner@finnegan.com
        samuel.eichner@finnegan.com
        *Counsel for Plaintiffs*