IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES,<br><br>          Plaintiff,<br><br>vs.<br><br>MULTIMEDIA SYSTEM DESIGN, INC.,<br><br>        Defendant | Case No.: 20-cv-07269-VEC-OTW<br><br><br>**MOTION SEEKING LEAVE TO FILE AN AMICUS CURAIE BREIF IN SUPPORT OF UNITED STATES TAXPAYERS, DEFENDANT MULTIMEDIA SYSTEM DESIGN, INC AND NEW YORK NONPROFIT LAW** |

     Unrepresented non-attorney Jason Goodman comes now seeking leave to file an amicus curiae brief pursuant to Fed R. Civ. P. Rule 29(a) in support of all U.S. Taxpayers including Defendant Multimedia System Design, Inc and New York Nonprofit law.  Amicus Goodman comes now to inform the Court of matters pertaining to Plaintiff's legal status as a tax exempt 501(c)(6) and the legal obligations of its directors and officers.  The accompanying brief describes specific duties and obligations of officers of 501(c)(6) tax exempt organizations that differ from normal corporate entities and have not yet been considered by the court. Consideration of these facts is crucial to the proper adjudication of this matter.

Signed this 1st day of November 2021

Respectfully submitted,


_____

Jason Goodman, Defendant, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES, <br><br>           Plaintiffs, <br>    v. <br><br> Multimedia System Design, Inc., <br><br>           Defendants. | Case No. :20-cv-07269-VEC-OTW <br><br> Honorable Valerie Caproni |

### BRIEF OF *AMICUS CURIAE* JASON GOODMAN IN SUPPORT OF UNITED STATES TAXPAYERS, DEFENDANT MULTIMEDIA SYSTEM DESIGN, INC AND NEW YORK NONPROFIT LAW

Jason Goodman

252 7th Avenue #6s

New York, NY 10001

(323) 744-7594

truth@crowdsourcethetruth.org

Multimedia System Design, Inc.

Defendant

## PRELIMINARY STATEMENT

District Courts have frequently permitted filing of amicus briefs relevant to their consideration of issues in cases they preside over.  Courts have the discretion to accept submissions from non-attorney experts or other individuals with unique points of view or information of particular relevance.  *See* (Sweigert v Cable News Network 2:20-cv-12933-GAD-KGA ECF No. 20) **(EXHIBIT A)**

Unrepresented non attorney Jason Goodman comes now as amicus curiae to present evidence and information that is critically relevant to the proper adjudication of this case and has not been previously reviewed by the Court.

## STATEMENT OF FACTS

In 2014, the Plaintiff became tax exempt under section 501(c)(6) of IRS Code.  The Organizational Purpose as defined in Plaintiff's articles of incorporation and published in Plaintiff's annual report is the only legally authorized purpose Plaintiff is entitled to pursue as a tax-exempt entity:

"1. Organization and Basis of Presentation

The Academy of Television Arts & Sciences (Television Academy) is a tax-exempt organization under Section 501(c)(6) of the Internal Revenue Code (the Code) and similar state statutes. The Television Academy was organized to advance the arts and sciences of television, and to foster creative leadership in the television industry for artistic, cultural, educational, and technological progress. The Television Academy is responsible for administering two Emmy Awards shows that recognize excellence in television programming: the Primetime Emmys and Los Angeles Area Emmys. These award shows, along with membership dues and Emmy publications advertising sales, represent the Television Academy's primary sources of revenue."

(http://web.archive.org/web/20160321205333/http://www.emmys.com/sites/default/files/Downloads/Television-Academy-Annual-Report-v1-2014.pdf)

The Defendant has been at the cutting edge of motion picture, broadcast, and television technology for more than three decades.  Defendant is presently engaged in the business of live

stream video broadcasting and has pioneered a solo operator, multicamera live switched format that allows one person to produce a sophisticated live broadcast which previously required an entire crew.  Defendant's business should be supported by Plaintiff according to its stated Organizational Purpose.  Despite any perceived or actual differences in political opinions or sense of humor, Defendant's programs encourage cultural engagement, robust debate and use cutting edge video, broadcast, social media, and television technologies to interact with and educate a growing audience.  Suing Defendant as Plaintiff has, is antithetical to Plaintiff's Organizational Purpose.  Activities that do not further Plaintiff's Organizational Purpose are considered Prohibited Activities for the 501(c)(6) and like any action deemed to be "ordinarily carried on for profit" may jeopardize Plaintiff's tax-exempt status while exposing trustees and officers to possible civil or criminal action for violating IRS code or other relevant laws.

Plaintiff's principal officer Adam Sharp ("Sharp") is also the Chairman and CEO of Sharp Things, LLC a privately owned, for profit political consultancy that claims to specialize in helping politicians maximize the effectiveness of social media campaigns among other things.  Sharp failed to disclose affiliation with the for-profit venture in public 990 filings as required by the IRS. https://projects.propublica.org/nonprofits/organizations/454000028

Furthermore, throughout these proceedings, Plaintiff has misrepresented Sharp's self-proclaimed background as a Democrat political operative, stating his privately owned for profit political social media consultancy is no longer active.  These claims are false.  The most recent filing with the SECRETARY OF THE STATE OF CONNECTICUT indicates that Sharp's LLC is in good standing, having renewed its active status and paid the $80 (eighty dollar) filing fee on February 2, 2021, during the time this legal action was underway. **(EXHIBIT B)**

In determining whether an organization is engaging in Prohibited Activities including those ordinarily carried on for profit, the specific nature of the activities are evaluated on a case by case basis to determine if they are within the category of business activities prohibited by IRC 501(c)(6).  Unlike 501(c)(3) tax exempt organizations, 501(c)(6) organizations are allowed to engage in some types of political activities however, given the unique nature of the principal officer's undisclosed privately owned business, Sharp and the Plaintiff's board of directors must

scrupulously mitigate the appearance of conflicts of interest in order to enjoy the protections of New York's Business Judgement Rule.

New York courts have traditionally held non-profit boards of directors and officers to the same standard as corporate directors. However, those who act in bad faith do not enjoy the protection of the Business Judgement Rule. The board of directors and principal officer are bound by the Duty of Care, Duty of Loyalty and Duty of Obedience to only act in the financial interest of the organization and only for the furtherance of its Organizational Purpose. In this case, Plaintiff was grossly negligent in failing to adhere to those duties.

When this dispute originated in August of 2020, before Plaintiff filed suit, Defendant offered to remove the alleged infringement, free of charge and with no legal action. Exercising this option had no financial or legal downside and would not have prejudiced Plaintiff's rights or precluded filing suit had Defendant failed to perform. Plaintiff initiated this lawsuit without exploring Defendant's good faith offer. By doing this, Plaintiff acted in a reckless and negligent manner, to their own financial determent and in defiance of their legally authorized purpose.

Plaintiff will fail to demonstrate that any reasonable person could calculate that it would be in the financial best interest of the tax-exempt organization to refuse a free offer to remove all occurrences of the alleged infringement voluntarily and permanently in lieu of this costly and time-consuming litigation. The legal expense to the 501(c)(6) is likely to exceed five percent of its annual program service revenue based on the history of Plaintiff's three most recent IRS 990 public filings. https://projects.propublica.org/nonprofits/organizations/454000028

It is within the purview of tax-exempt organizations to act in ways that are similar to for profit corporate entities and to use the courts to defend their rights when necessary. In this case however, no reasonable person can conclude that filing this lawsuit was the only option or in Plaintiff's financial best interest. The duty of obedience requires a director to be faithful to the Organizational Purpose of the nonprofit. Any diversion of corporate resources to other goals is not legally justifiable and exposes the director to liability.

Plaintiff ironically has accused Defendant of "trafficking inter alia in conspiracy theories and misinformation". The allegation is made contrary to fact and in the absence of evidence. It

is the Plaintiff in fact who has done both things.   First, Plaintiff awarded the now disgraced former New York Governor Andrew Cuomo, just prior to his replacement Kathy Hochul acknowledging nearly 12,000 additional deaths from the coronavirus outbreak that were misreported by the Cuomo Administration.  (https://abc7ny.com/ny-nursing-home-deaths-kathy-hochul-andrew-cuomo-delta-variant/10974447/). Mr. Cuomo was awarded by Plaintiff for spreading actual misinformation and has now been forced to publicly face that fact with an embarrassing retraction of the award.  The Plaintiff then downplayed the severity of the ongoing Covid-19 pandemic by lying to their constituents and holding what has been called an unsafe "super spreader" event.  The 73rd Annual Primetime EMMY Awards show was broadcast live on September 19, 2021.  During the live taping, well known television and film actor Seth Rogen made several off-script comments expressing his personal concerns.  Rogen stated *"Let me start by saying there is way too many of us in this little room.  What are we doing? They said this was outdoors. It is not. They lied to us, I would not have come to this."*

https://www.latimes.com/entertainment-arts/tv/story/2021-09-20/emmys-2021-presenter-seth-rogen-says-what-were-all-thinking-about-covid-protocols

Rogen only agreed to attend because he was misinformed by the Plaintiff.  The Los Angeles Times agreed that Plaintiff downplayed the severity of Covid-19.  Worst of all, approximately three weeks after attending the event, EMMY winner Marc Pilcher died of Covid-19.  According to a statement published by his family and agent, Pilcher was healthy, 53 years old, double vaccinated and had no prior medical issues.

https://www.hollywoodreporter.com/tv/tv-news/marc-pilcher-dead-bridgerton-1235024983

Pilcher traveled from the UK to Los Angeles to receive his EMMY.  His international travel required him to take several Covid tests which all came back negative.  These circumstances suggest that Pilcher could have contracted Covid at Plaintiff's event.  By contrast, there have been no deaths attributed to or suspected of being caused by Defendant's broadcasts.  Furthermore, none of Defendant's statements have been contradicted or even challenged by Plaintiff.  Rather, Defendant has been maligned with the vague pejorative "conspiracy theorist" and falsely categorized as engaging in behavior carried out by Plaintiff.

**SPECIAL CONSIDERATION FOR CONFLICTS OF INTEREST**

Given Plaintiff's 501(c)(6) status, and its principal officer's covert side profession as a political consultant, the possible appearance of a conflict of interest should have been given special consideration. The principal officer and board of directors had a fiduciary obligation to aggressively pursue the most economical and expeditious remedies before they could legitimately claim it was their "only option" to sue Defendant in this case. Plaintiff's 501(c)(6) status creates a specific condition in which they did not have proper legal standing to initiate this costly litigation in pursuit of a goal Defendant offered to satisfy free of charge. This is strictly prohibited by their own articles of incorporation and IRS Code.

**CONCLUSION**

In the interest of justice not only for the Defendant, but all taxpayers and citizens, this abuse of Plaintiff's tax-exempt status must not be allowed to stand. All instances of the alleged infringement have already been voluntarily and permanently removed from publication by Defendant. To the best of Defendant's knowledge, no instances of the alleged infringement remain outside of those reproduced in this lawsuit and related documents. No actual damages were caused by the publication of the alleged infringement apart from fees and costs due to Plaintiff's own grossly negligent actions in failing to adhere to their Organizational Purpose.

For the reasons stated herein, Amicus Goodman respectfully requests the Court dismiss this action sua sponte and recommend it to the IRS for an audit of Plaintiff's tax-exempt activities as well as the New York State Attorney General for investigation into civil or criminal violations of New York nonprofit law, state, or federal law and any other such action as the court deems necessary.

By: _____ Jason Goodman

252 7th Avenue #6s New York, NY 10001

truth@crowdsourcethetruth.org

(323) 744-7594

*Amicus Curiae*

**(EXHIBIT A)**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George Webb Sweigert,

            Plaintiffs,

    v.

Cable News Network, Inc.,

            Defendants.

Case No. :20-cv-12933-GAD-KGA

Honorable Gershwin A. Drain

---

**BRIEF OF *AMICUS CURIAE* JASON GOODMAN IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

Jason Goodman

252 7th Avenue #6s

New York, NY 10001

(323) 744-7594

truth@crowdsourcethetruth.org

Pro Se

Robin Luce Herrmann (P46880)

Jennifer A. Dukarski (P74257)

Javon R. David (P78214)

BUTZEL LONG, a professional corporation

Attorneys for Defendant Cable News

Network, Inc.

41000 Woodward Avenue

Stoneridge West

Bloomfield Hills, MI 48304 (248) 258-1616

Luce-Herrmann@butzel.com

Dukarski@butzel.com

Davidj@butzel.com

## PRELIMINARY STATEMENT

Jason Goodman is a pro se non-attorney, non-party to this case. Goodman comes now as a friend of the court to share facts and evidence Goodman alleges reveal a fraud on the court intended to affect the outcome of this case.

## STATEMENT OF FACTS

Non-party D. George Sweigert ("Sweigert") is the brother of Plaintiff George Webb Sweigert ("Webb"). On November 6, 2020, non-party Sweigert filed a motion requesting the court change the venue of this legal action to the Southern District of New York. *See* ECF No. 3 (MOTION FOR CHANGE OF VENUE BY INTERVENOR-APPLICANT PARTY OF INTEREST). Sweigert's pleadings indicate his belief that Sweigert v CNN is related litigation to Sweigert v Goodman, and in his view, in the interest of judicial efficiency should be transferred to the Southern District of New York. The transfer was denied via ECF No. 9.

Non-party movant Sweigert is the Plaintiff in Sweigert v. Goodman (Case 1:18-cv-08653-VEC-SDA) in which he is suing Amicus Goodman currently pending in the SDNY.

Goodman first became acquainted with Webb and Sweigert in 2017. Since his introduction to Webb and Sweigert, Goodman has been the Defendant in four separate civil lawsuits. Sweigert has attempted to intervene in three of the four suits and was denied.

On information and belief, Goodman alleges that Sweigert and Webb, in an effort to improperly involve Goodman in Sweigert v CNN, have conspired with or otherwise deceived a third individual, an employee of the court, Richard Loury ("Loury"), to commit a fraud on the court. Document properties of ECF No. 12 reveal that Loury is named as the author of pro se Plaintiff Webb's pleading. **(EXHIBIT A)**. These properties are visible in the free reader Adobe Acrobat DC or the commercial application Adobe Acrobat Professional.

On June 30, 2021, Goodman telephoned Loury at the court and asked how his name came to be associated with ECF No. 12 as the "author". Loury stated "documents are sent to me. In order for us to upload something, I have to save it onto my computer. The document is uploaded

onto the website". When questioned further, he simply repeated himself. Mr. Loury implied but did not directly state that his name would be associated with the document merely as a function of him temporarily saving it on his computer prior to filing it electronically on the docket. This is incorrect and does not explain how Loury's name would be recorded within the PDF document's embedded metadata as the "author" of the document. The "author" must be someone with the name "Richard Loury" officially stored on their computer as the active user unless someone otherwise altered the document to contain Loury's name.

Non-party movant Sweigert is the author of the Ethical Hacker's Field Operations Guide (https://drive.google.com/file/d/1BeVtzd7TKGpMvNonaUdD-Ls2RlGJm7JM/view). The guide details tactics and methods for manipulating computer systems, transmitting clandestine communications and evading detection, among other things. In several pleadings in Sweigert v Goodman, Sweigert has made note of various aspects of PDF document metadata indicating his knowledge in this area.

## **CONCLUSION**

For the reasons stated in Defendant's motion to dismiss and further for the foregoing reasons, Defendant's motion to dismiss should be granted. Additionally, Amicus Curiae Goodman prays the court will further investigate this matter relating to ECF No. 12 and alleged fraud on the part of Sweigert and Webb and take such action as it deems necessary.

By: _____
Jason Goodman
252 7th Avenue #6s
New York, NY 10001
truth@crowdsourcethetruth.org
(323) 744-7594
Pro Se *Amicus Curiae*

Robin Luce Herrmann (P46880)
Jennifer A. Dukarski (P74257)
Javon R. David (P78214)
BUTZEL LONG, a professional corporation
Attorneys for Defendant Cable News
Network, Inc.
41000 Woodward Avenue
Stoneridge West
Bloomfield Hills, MI 48304 (248) 258-1616
Luce-Herrmann@butzel.com
Dukarski@butzel.com
Davidj@butzel.com

**EXHIBIT A**

---

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION
### AT DETROIT

| | | |
|---|---|---|
| **George Webb Sweigert,** | **:** | **CASE** |
| | **:** | |
| **Plaintiff,** | **:** | **NO - 2:20-cv-12933-GAD-KGA** |
| | **:** | |
| **V.** | **:** | **US DISTRICT COURT JUDGE** |
| | **:** | |
| | **:** | **Judge Gershwin A. Drain** |
| | **:** | |
| **CABLE NEWS NETWORK, INC** | **:** | **RESPONSE TO ORDER** |
| | **:** | |
| | **:** | **TO SHOW CAUSE** |

**PLAINTIFF'S RESPON**

Plaintiff hereby files this Respor
and, for the reasons stated here

The Plaintiff, George Webb Swe
lawsuit in District of Columbia in
transactions were conducted in
added to some of the administra
the Court.

The Defendant, Cable News Ne
than the CNN Headquarters in A
confused in person efforts to se

The Plaintiff requests for the Co
served on the Defendant. Two
Service.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


George Webb Sweigert,

                              Plaintiff(s),

v.                                              Case No. 2:20−cv−12933−GAD−KGA
                                                Hon. Gershwin A. Drain
Cable News Network, Inc.,

                              Defendant(s),
_____


### NOTICE OF MOTION HEARING

    You are hereby notified to appear before District Judge Gershwin A. Drain at the United
States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Detroit,
Michigan.  The following motion(s) are scheduled for hearing:

                    Motion to Dismiss – #15

    • MOTION HEARING:  December 16, 2021 at 03:30 PM


### Certificate of Service

    I hereby certify that this Notice was electronically filed, and the parties and/or counsel of
record were served.

                                   By: s/T McGovern_____
                                       Case Manager

Dated:   September 21, 2021

**(EXHIBIT B)**

SECRETARY OF THE STATE OF CONNECTICUT

Annual Report

165 CAPITOL AVENUE
P.O. BOX 150470
HARTFORD, CT 06115-0470

```
FILING #0007146658 PG 1 OF 3
VOL A-00689 PAGE 1967
FILED 02/11/2021 07:17 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

1.  Name of Limited Liability Company:          SHARP THINGS, LLC

2.  Business ID:                                1224702

3.  Report due in the month of:                 March, 2020

4.  NAICS Code:                                  NONE

    Changes:                                      541990 (All Other Professional, Scientific, and
                                                  Technical Services)

5.  This Limited Liability Company is:           DOMESTIC
    Fee is:                                       $80.00
    Business Name:                                SHARP THINGS, LLC

6.  Mailing Address:                             50 DOWNS AVE.
                                                 STAMFORD,CT 06902

    Changes:                                      50 DOWNS AVE.
                                                  STAMFORD,CT 06902 USA

7.  Principal Office Address:                    50 DOWNS AVE.
                                                 STAMFORD,CT 06902

    Changes:                                      50 DOWNS AVE.
                                                  STAMFORD,CT 06902 USA

8.  Address Required in State of Formation
    (Foreign Limited Liability Company):

    Changes:

```
FILING #0007146698 PG 2 OF 3
     VOL A-00689 PAGE 1968
  FILED 02/11/2021 07:17 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

9.  Agent Information

    Agent Type:                             INDIVIDUAL
    Agent Name:                             ADAM MIKAEL SHARP
    Agent's Business Address:               50 DOWNS AVE.
                                            STAMFORD,CT 06902-7803

    Agent's Residence Address:              50 DOWNS AVE.
                                            STAMFORD,CT 06902-7803

    Agent's Mailing Address:

    Agent's Business Address Changes:       50 DOWNS AVE.
                                            STAMFORD,CT 06902 USA

    Agent's Residence Address Changes:      50 DOWNS AVE.
                                            STAMFORD,CT 06902 USA

    Agent's Mailing Address Changes:        50 DOWNS AVE.
                                            STAMFORD,CT 06902 USA

    Name of person accepting appointment:
    Title:
    Signature Accepting Appointment:

    (if agent is a business also print name and title of person signing)

10. Date:                                   02/11/2021

11. Email Address:                          adam@sharpthings.io

12. I hereby certify and state, under penalties of false statement, that all of the information set forth on this annual report is
    true. I hereby electronically sign this report.
    Print Capacity:                         MEMBER / CHAIRMAN & CEO

13. Signature of Authorizer:                ADAM SHARP

Report Officers/Directors
Business ID : 1224702

```
FILING #0007146698 PG 3 OF 3
        VOL A-00689 PAGE 1969
     FILED 02/11/2021 07:17 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

1. Full Legal Name:           ADAM MIKAEL SHARP
   Title(s):                  MEMBER / CHAIRMAN & CEO
   Residence Addr:            50 DOWNS AVE.
                              STAMFORD,CT 06902

   Business Addr:             50 DOWNS AVE.
                              STAMFORD,CT 06902

   Res Changes:              _____
                             _____
                             _____
   Bus Changes:              _____
                             _____
                             _____

2. Full Legal Name:           CYNTHIA LYNN SHARP
   Title(s):                  MEMBER
   Residence Addr:            50 DOWNS AVE.
                              STAMFORD,CT 06902

   Business Addr:             50 DOWNS AVE.
                              STAMFORD,CT 06902

   Res Changes:              _____
                             _____
   Bus Changes:              _____
                             _____
                             _____