UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>MULTIMEDIA SYSTEM DESIGN, INC. d/b/a "CROWDSOURCE THE TRUTH",<br><br>      *Defendant*. | CIVIL ACTION No.<br>20-cv-07269 (VEC)<br><br>**AFFIDAVIT OF MARGARET A. ESQUENET IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, PERMANENT INJUNCTION, AND ATTORNEYS' FEES AND COSTS** |

### **AFFIDAVIT OF MARGARET A. ESQUENET**

I, Margaret A. Esquenet, hereby affirm as follows:

1. I am a partner at Finnegan, Henderson, Farabow, Garrett & Dunner LLP, located at 901 New York Avenue NW, Washington, District of Columbia 20001.

2. I am over eighteen (18) years of age. I have never been convicted of a felony or any criminal offense involving moral turpitude and am fully competent to testify to the matters stated herein.

3. I have personal knowledge of each and every statement made in this Affidavit and such statements are true and correct.

4. I represent The National Academy of Television Arts and Sciences, Inc. ("NATAS") and Academy of Television Arts & Sciences ("ATAS") (collectively, "Academies" or "Plaintiffs") in the above-referenced action filed against Multimedia System Design, Inc. d/b/a "Crowdsource The Truth" ("Defendant").

5. I make and submit this Affidavit in connection with Plaintiffs' Motion for Default Judgment, Permanent Injunction, and Attorneys' Fees and Costs (hereinafter "Motion for Default Judgment").

6. On September 4, 2020, Plaintiffs filed their Complaint against Defendant. (Dkt. 1.) As set forth in the Complaint, this Court has subject matter jurisdiction over the action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Academies' state law claims because those claims are substantially related to the Academies' federal Copyright Act and Lanham Act claims. (Complaint, ¶ 8.)

7. On or about September 21, 2020, counsel for Defendant contacted Plaintiffs and offered to accept service of the summons and complaint on behalf of Defendant, among other things. The parties then entered into settlement discussions. During such discussions and despite the lack of service, on October 13, 2020, Defendant filed a Notice of Motion (without a supporting brief) to Dismiss Plaintiffs' First through Sixth Causes of Action (copyright and trademark claims) (Dkt. 11) and simultaneously filed an Answer, Affirmative Defenses, and Counterclaims (Dkt. 12.), thereby waiving service. On October 30, 2021 this Court held an initial pretrial conference Defendant's filings and issued a scheduling order. (Dkt. 16.)

8. On January 29, 2021, Plaintiff filed a cross-motion to dismiss Defendant's affirmative defenses and counterclaims. (Dkt. 46.)

9. Subsequently, the parties engaged in motion practice and discovery.

10. On May 6, 2021, Plaintiffs filed a First Amended Complaint. (Dkt. 62.)

11. On July 30, 2021, the Court issued an order denying Defendant's partial motion to dismiss or in the alternative for judgment on the pleadings and granting Plaintiffs' motion to dismiss Defendant's counterclaims, among other rulings.  (Dkt. 98.)

12. On August 13, 2021, Defendant's counsel filed a motion to withdraw.  (Dkt. 100.)  On the same day, the Court endorsed defense counsel's motion to withdraw.  (Dkt. 104.)

13. The Court also ordered Defendant to instruct new counsel file a notice of appearance no later than November 15, 2021, or else it would issue an order to show cause why Plaintiff should not be entitled to default judgment against Defendant.  *See id*.

14. Defendant failed to comply with this Court's August 13, 2021 order as no counsel filed a notice of appearance by November 15, 2021.

15. On November 16, 2021, the Court ordered Defendant to show cause in writing by November 30, 2021 why Plaintiff should not be entitled to a default judgment.  (Dkt. 131.)

16. On November 23, 2021, Defendant requested a 90-day extension of time to obtain new counsel.  (Dkt. 132.)

17. The Court granted Defendant's application in part on November 24, 2021, ordering Defendant to instruct new counsel file a notice of appearance no later than December 15, 2021. (Dkt. 134.)  The Court also ordered Defendant to, no later than December 31, 2021, show cause in writing why Plaintiff should not be entitled to a default judgment if new defense counsel did not file a timely notice of appearance.  *See id*.

18. Again, Defendant failed to comply with this Court's order because new counsel did not file a timely notice of appearance.  (Dkt. 140.)

19. On December 30, 2021, Defendant submitted a letter to the Court stating that "Plaintiff should be denied default judgment for the reasons set forth in Goodman v. Sharp et al (*See* 1:21cv106270-VEC)."  (Dkt. 139.)

20. On January 3, 2022, the Court issued an order holding that "Defendant failed to show cause by December 31, 2021 why Plaintiff should be entitled to a default judgment." *Id*.  The Court also ordered Plaintiffs to move for default judgment against Defendant by January 10, 2022.  *See* Ex. E.

21. In addition to a default judgment and permanent injunction entered against Defendant, Plaintiff also seeks an award of attorneys' fees and damages.  Plaintiff respectfully requests that if the Court grants it an award of attorneys' fees and costs, the matter be referred to Magistrate Judge Ona T. Wang for an inquest.  *Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950 (RA), 2021 U.S. Dist. LEXIS 26457 (S.D.N.Y. Feb. 11, 2021) (granting plaintiffs' motion for default judgment and referring the matter to the magistrate judge for an inquest into damages).

I declare under the penalty of perjury under the laws of the United States of America that to the best of my knowledge the foregoing is true and correct.

      Executed on this 10 day of January 2022 in Washington, D.C.


                                      By: /s/ *Margaret A. Esquenet*
                                          Margaret A. Esquenet