UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NATIONAL ACADEMY OF TELEVISION
ARTS AND SCIENCES, INC. and ACADEMY OF
TELEVISION ARTS & SCIENCES,

    *Plaintiffs*,

  v.

MULTIMEDIA SYSTEM DESIGN, INC. d/b/a
"CROWDSOURCE THE TRUTH",

    *Defendant*.

20-cv-07269 (VEC)

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT, PERMANENT INJUNCTION, AND
<u>ATTORNEYS' FEES</u>**

## INTRODUCTION

Pursuant to the Court's January 12, 2022 Order (Dkt. 145), the Academy of Television Arts & Sciences ("ATAS") and The National Academy of Television Arts and Sciences, Inc. ("NATAS") (collectively, the "Academies" or "Plaintiffs") respectfully submit this supplemental memorandum of law in further support of their Motion for Default Judgment, Permanent Injunction, and Attorneys' Fees against Multimedia System Design, Inc. d/b/a "Crowdsource the Truth" ("MSD").

Specifically, the Court requested that Plaintiffs provide additional authority for the proposition that it has the ability to grant the following relief, as requested by Plaintiffs:

> Defendant must remove each of the Twitter posts and YouTube videos identified in Plaintiffs' Amended Complaint containing false accusations and claims regarding Plaintiffs and Mr. Adam Sharp, as well as any other previously or subsequently posted Tweets, YouTube videos, or other statements previously or subsequently posted online and on social media which expressly target Plaintiffs or Adam Sharp.

(Dkt. 145.) As detailed below, although the Court has the authority to enter such order, in the interests of judicial efficiency and to facilitate the Court's consideration of Plaintiffs' motion, Plaintiffs respectfully modify this portion of Plaintiffs' request for relief. A copy of Plaintiffs' Amended Proposed Order Entering Final Default Judgment and Permanent Injunction against MSD and Awarding Plaintiffs Attorneys' Fees and Costs ("Amended Proposed Order") is filed concurrently herewith as Exhibit A.

## DISCUSSION

As detailed in Plaintiffs' Memorandum of Law in Support of Motion for Default Judgment, Permanent Injunction, and Attorneys' Fees (Dkt. 144), the Court should enter default judgment against MSD because as a corporation, it cannot proceed *pro se*. *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). Further, "[i]t is ancient common law axiom that a defendant

1

who defaults thereby admits all well-pleaded factual allegations contained in the complaint." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011).  Additionally, a district court has the authority to grant a permanent injunction on a motion for default judgment.  *Restoration Hardware, Inc. v. Lighting Design Wholesaler, Inc.*, No. 17-cv-5553 (KBF), 2018 U.S. Dist. LEXIS 65099, at *16 (S.D.N.Y. Apr. 18, 2018).  *See also Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) (holding that the entry of a default judgment is within the sound discretion of the district court).

Although "the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases," Plaintiffs respectfully submit that Defendant's actions constitute exactly that – extraordinary circumstances.  *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001).  In *American Malting Co. v. Keitel*, the Second Circuit expressly recognized intimidation and coercion as extraordinary circumstances.  209 F. 351, 354 (2d Cir. 1913).  *See also Gaming Mktg. Sols., Inc. v. Cross*, No. 07 CIV. 4624 (RJS), 2008 WL 858183, at *5 (S.D.N.Y. Apr. 1, 2008) (citing *Metro. Opera Ass'n,* 239 F.3d at 176) ("The Second Circuit has held that factors such as intimidation or coercion may constitute 'extraordinary circumstances' sufficient to justify enjoining defamatory speech.").  Stated differently, although "[w]hen a prior restraint takes the form of a court-issued injunction, the risk of infringing on speech protected under the First Amendment increases," a court may grant injunctive relief in certain instances of defamation.  *Metro. Opera Ass'n,* 239 F.3d at 176 (internal citation omitted).

As set forth in the Amended Complaint, MSD "posted its own award show—entitled 'Crony Awards'—on YouTube and other platforms.  The show honored countries that refused to

2

lock down and/or minimized the COVID-19 pandemic." (Dkt. 62 at ¶ 29.) To promote its "Crony Awards," MSD, without authorization, created and used an image depicting the EMMY Statuette's winged figure but replaced the Statuette's atom with a depiction of the SARS-CoV-2 virus, as illustrated by the CDC (the "Infringing Image"). (*Id.* at ¶ 30.) Ultimately, Plaintiffs sent a "copyright violation notice to YouTube pursuant to 17 U.S.C. § 512(c) of the Digital Millennium Copyright Act (the "DMCA Takedown Notice")" regarding MSD's use of the Infringing Image. (*Id.* at ¶ 34.) Once YouTube removed MSD's video containing the Infringing Image, MSD "waged a social media smear campaign" to try to intimidate Plaintiffs and coerce them into retracting the DMCA Takedown Notice. (*Id.* at ¶ 41.) As pleaded in the Amended Complaint, MSD specifically:

> between Monday, August 23, 2020 and Monday, August 30, 2020, Defendant (using the Twitter handle @csthetruth) posted on Twitter using Mr. Sharp's Twitter handle, @AdamS, or replied to Tweets from Mr. Sharp's account (none of which had anything to do with Defendant) at least eleven (11) times, including Tweets falsely accusing Mr. Sharp of being a "political operative" and falsely claiming that Mr. Sharp is abusing the DMCA takedown process to stifle "competition from real news." By using Mr. Sharp's handle, Defendant expressly and intentionally targeted Mr. Sharp publicly and personally.

(*Id.* at ¶ 42.) MSD also:

> posted YouTube videos that spread falsehoods about Mr. Sharp and his father (noted journalist Roger Sharp) alleging that their professional careers were the products of nepotism, corruption, and CIA-led propaganda campaigns. *See, e.g.*, youtube.com/watch?v=3heNmyUlZj8 at 1:23:52 to 1:27:31 (falsely implying that Adam Sharp's father, Roger Sharp, spread propaganda on CBS and in exchange his son, Adam Sharp, could one day "run the Emmys.")

(*Id.* at ¶ 43.) Therefore, MSD's actions constitute "extraordinary circumstances" warranting the injunction included in Plaintiffs' Proposed Order Entering Final Default Judgment and Permanent Injunction against MSD and Awarding Plaintiffs Attorneys' Fees and Costs. (Dkt. 144-1.)

3

Nevertheless, in the interests of judicial economy and to facilitate the entry of default judgment, Plaintiffs hereby limit the requested injunctive relief relating to the posts identified in paragraphs 42 and 43 of the Amended Complaint. Specifically, Plaintiffs have modified that section of the Proposed Order as follows:

> Defendant must remove each of the Twitter posts and YouTube videos identified in Plaintiffs' Amended Complaint containing false accusations and claims regarding Plaintiffs and Mr. Adam Sharp.

*See* Ex. A.

MSD is liable with respect to the well-pleaded facts in Plaintiffs' Amended Complaint. Accordingly, the specific relief Plaintiffs seek regarding the Twitter posts and YouTube videos identified in paragraphs 42 and 43 of the Amended Complaint should be granted. *See D'Addio v. Kerik*, No. 115CV05497JGKSDA, 2019 WL 4862988, at *3 (S.D.N.Y. Sept. 6, 2019), *report and recommendation adopted sub nom*, *D'Addio v. Kerik*, No. 15CV5497 (JGK), 2019 WL 4857320 (S.D.N.Y. Oct. 2, 2019) (granting the defendant's request for injunctive relief requiring the removal of two blog posts identified in his counterclaim).

In light of the foregoing, Plaintiffs respectfully request that the Court enter Plaintiffs' Amended Proposed Order in its entirety.

Dated: January 25, 2022

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER LLP

 /s/ *Margaret A. Esquenet*
Margaret Esquenet, Esq. (*pro hac vice*)
B. Brett Heavner, Esq. (*pro hac vice*)
Mary Kate Brennan, Esq.
901 New York Avenue NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

4

margaret.esquenet@finnegan.com  
b.brett.heavner@finnegan.com  
marykate.brennan@finnegan.com

*Attorneys for Plaintiffs*