```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
THE NATIONAL ACADEMY OF TELEVISION   :
ARTS AND SCIENCES, INC. and ACADEMY   :
OF TELEVISION ARTS & SCIENCES,                       :
                                                                              :
                                               Plaintiffs,     :         20-CV-7269 (VEC)
                                                                              :
                   -against-                                       :         ORDER
                                                                              :
MULTIMEDIA SYSTEM DESIGN, INC.              :
d/b/a "CROWDSOURCE THE TRUTH",          :
                                                                              :
                                              Defendant.   :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

WHEREAS on January 3, 2022, the Court ordered Plaintiffs to move for default judgment against Defendant by January 10, 2022, see Dkt. 140;

WHEREAS on January 10, 2022, Plaintiffs moved for default judgment, see Dkts. 142–44;

WHEREAS, as part of Plaintiffs' proposed default judgment order, they included the following language: "Defendant must remove each of the Twitter posts and YouTube videos identified in Plaintiffs' Amended Complaint containing false accusations and claims regarding Plaintiffs and Mr. Adam Sharp, as well as any other previously or subsequently posted Tweets, YouTube videos, or other statements previously or subsequently posted online and on social media which expressly target Plaintiffs or Adam Sharp," see Dkt. 144–1 at 3;

WHEREAS on January 12, 2022, the Court ordered Plaintiffs to submit a brief by January 31, 2022, providing legal authority for the Court to include such an order as part of the default judgment, see Dkt. 145;

WHEREAS the Court also instructed Defendant that, if it retains counsel and wishes to respond to any portion of Plaintiffs' motion for a default judgment, it must do so by February 11, 2022, and any such counsel for Defendant should file a notice of appearance promptly, *see id.*;

WHEREAS on January 25, 2022, Plaintiffs filed a revised proposed default judgment order, changing the above-quoted language to: "Defendant must remove each of the Twitter posts and YouTube videos identified in Plaintiffs' Amended Complaint containing false accusations and claims regarding Plaintiffs and Mr. Adam Sharp," *see* Dkts. 147–1, 152–1 at 3;

WHEREAS Defendant failed to retain counsel by February 11, 2022 and, thus, has not responded to Plaintiffs' proposed default judgment order;

WHEREAS a district court has authority under both the Lanham Act and the Copyright Act to grant injunctive relief to prevent further violations of a plaintiff's trademark and copyright, *see* 15 U.S.C. § 1116; 17 U.S.C. § 502, and it is "well-established" that a court may grant a permanent injunction on a motion for default judgment, *Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, No. 17-CV-5553, 2018 WL 11220835, at *6 (S.D.N.Y. Apr. 18, 2018) (citations omitted);

WHEREAS for more than a century, however, "the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases," *Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001); *see also id.* ("injunctions are limited to rights that are without an adequate remedy at law, and because ordinarily libels may be remedied by damages, equity will not enjoin a libel absent extraordinary circumstances");

WHEREAS factors such as intimidation or coercion may constitute "extraordinary circumstances" sufficient to justify enjoining defamatory speech; however, "current First

Amendment principles may prohibit granting an injunction even when such factors are present," *id.* (citing *Am. Malting Co. v. Keitel*, 209 F. 351, 357 (2d Cir. 1913));

WHEREAS Plaintiffs allege that Defendant's conduct constitutes extraordinary circumstances sufficient to warrant the proposed injunction because Defendant "waged a social media smear campaign" to try to intimidate Plaintiffs and coerce them into retracting their takedown notice, including: (1) posting on Twitter using Mr. Sharp's handle or replying to Mr. Sharp's tweets at least 11 times in a week, falsely accusing Mr. Sharp of being a "political operative" and claiming that he was abusing the takedown process to stifle "competition from real news"; and (2) posting YouTube videos spreading falsehoods about Mr. Sharp and his father (journalist Roger Sharp), alleging that their careers were the product of nepotism, corruption, and CIA-led propaganda campaigns, *see* Dkts. 147, 152 at 3; *see also* Am. Compl., Dkt. 62 ¶¶ 41–43, 76;

IT IS HEREBY ORDERED that Plaintiffs' proposed injunction is DENIED without prejudice to Plaintiffs presenting the Court with a better-crafted and better justified proposed order. From the evidence Plaintiffs have presented, there do not appear to be extraordinary circumstances sufficient to warrant Plaintiffs' proposed relief; Plaintiffs have not presented evidence of harm caused by Defendant's statements and have not sought damages. While Plaintiffs characterize Defendant's conduct as constituting a smear campaign designed to intimidate Plaintiffs, the Court is skeptical that extraordinary circumstances exist in this case, even if Plaintiffs are right about Defendant's motives and goals. As a "smear campaign", it was, at best, a short-lived skirmish (approximately one week) and was conducted solely on YouTube and Twitter. On both media platforms, to the extent Defendant's goal was to harm the reputation of Plaintiffs or Sharp, the campaign was the social media equivalent of a flea trying to take down an elephant.

If, nonetheless, Plaintiffs wish to press their request for an affirmative injunction obligating Defendant to remove "each of the Twitter posts and YouTube videos identified in Plaintiffs' Amended Complaint containing false accusations and claims regarding Plaintiffs and Mr. Adam Sharp," the Court will give them one final chance to make an adequate showing. Plaintiffs' assertion that Defendant tweeted at or replied to Mr. Sharp's tweets "at least" eleven times and Plaintiffs' paraphrasing of some of those tweets in the Amended Complaint are collectively inadequate for the Court to be satisfied that every tweet[1] from Defendant "identified in Plaintiffs' Amended Complaint" is false and defamatory as to Plaintiffs.[2]  Further, with respect to the one YouTube video identified, Plaintiffs' request is overbroad, as it would require Defendant to take down an entire video even though Plaintiffs complain about only a four-minute segment of the video that concerns Mr. Sharp.  Even with respect to that segment, Plaintiffs have provided too little information about what Defendant actually said in the video for the Court to evaluate whether the comments are defamatory as to Plaintiffs.  If Plaintiffs wish to press this issue, they must specify the defamatory statements, identify precisely where they appear on the video, and provide the Court with an adequate explanation of how they defame one or both of the Plaintiffs.

IT IS FURTHER ORDERED that, aside from the portion of the proposed order discussed above, the Court is prepared to sign Plaintiffs' proposed Order relating to their Lanham Act and

---

[1] The Amended Complaint fails to specify by date and time the specific tweets about which Plaintiffs are complaining.  If Plaintiffs wish to press this issue, they must identify the challenged tweets with sufficient specificity so that, if the Court adopts their proposed order, Defendant will know exactly which tweets it must remove or face possible sanctions for contempt of court.  *See, e.g.*, *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995) (the parties must be able to "'ascertain from the four corners of the order precisely what acts are forbidden'") (citation omitted); *see also Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021) (an order must be "clear and unambiguous" to be the basis for contempt) (citing *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142 (2d Cir. 2014)).

[2] The Court reminds Plaintiffs that Adam Sharp is not a Plaintiff in this action.

Copyright Act claims. Accordingly, Plaintiffs should, no later than **February 25, 2022**, submit a revised proposed default judgment order either removing the portions of the proposed Order that relate to their defamation claim or adequately supporting the inclusion of the proposed language in the Order.

      IT IS FURTHER ORDERED that Plaintiffs must serve a copy of this Order on Defendant by mail and note service on the docket.

**SO ORDERED.**

Date:  February 14, 2022                          **VALERIE CAPRONI**
        New York, NY                              **United States District Judge**