VIA PRO SE TEF

April 25, 2022

Honorable Valerie E. Caproni
U.S. District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 443
New York, NY 10007

        Re:   *The National Academy of Television Artis and Sciences, Inc., et al. v. Multimedia System Design, Inc.*
            Civil Action No. 20-cv-07269-VEC-OTW

Your Honor:

    Appellant Jason Goodman ("Goodman") respectfully objects to the plaintiffs' letter seeking an extension of time to fulfill the order (Dkt. 157). Plaintiffs continue to conveniently interchange defendant Multimedia System Design, INC. ("MSD") and Goodman as it suits their argument, flip flopping the two entities indiscriminately. The defendant did not file an appeal, Goodman did. Plaintiffs' inability to distinguish between MSD and Goodman is the substance of the case in Goodman v Sharp et al. Even if this lack of distinction were irrelevant, the appeal does not override the Court's order and plaintiffs should know this. Furthermore, your honor's own individual rules of practice regarding communications with chambers require requests for extensions of time be made 48 hours prior to the original deadline. There is no emergency in this instance. Plaintiffs' own letter (Dkt. 160) notes the appeal was filed March 30, 2022, three weeks prior to the original deadline.

    On behalf of MSD, Goodman fulfilled the obligations of the order on April 22, 2022. Plaintiffs continue to exhibit bad faith not only towards defendant and Goodman, but to the Court itself. The request for an extension of time is a bad faith request and should be denied. Plaintiffs ignored the Court's order even after Goodman fulfilled it on time leaving them one additional day. Plaintiffs did not even ask Goodman if a delayed return might be acceptable before involving the Court.

    Plaintiffs should be sanctioned appropriately for failure to comply with the Court's order and compelled to admit their former associate Sam Eichner ("Eichner") violated the confidentiality of a particular email address when his statements at a status conference were published on the public docket, placing it in the public domain and removing that email address from the control of the

stipulated order of protection. This admission by plaintiffs should be allowed to be used as evidence in support of Goodman's claims pursuant to New York JUD § 487 because plaintiffs deliberately deceived the court regarding this incident.

Jason Goodman<br>
252 7th Avenue #6s<br>
New York, NY 10001<br>
323-744-7594<br>
truth@crowdsourcethetruth.org