UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>MULTIMEDIA SYSTEM DESIGN, INC. d/b/a "CROWDSOURCE THE TRUTH",<br><br>    *Defendant*. | 20-cv-07269 (VEC) (OTW) |

**THE ACADEMIES' OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR
JASON GOODMAN'S MOTION FOR RELIEF FROM JUDGMENT**

I.  **INTRODUCTION**

This Court has already denied a motion to intervene by non-party Jason Goodman ("Goodman"). Goodman's attempt to again relitigate this case through the instant motion postured as a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(3) ("Rule 60 Motion") should be similarly rejected.

Goodman's Rule 60 Motion also comes after he filed another action before this Court, which was dismissed (*Goodman v. Sharp, et al.*, No. 21-cv-10627 (VEC) (S.D.N.Y. 2022)), and a pending appeal to the United States Court of Appeals for the Second Circuit from this Court's order sanctioning him (*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, No. 22-592 (SALM)). In all three matters, Goodman wrongly seeks to replace himself for MSD, inject collateral issues into an existing action, and, as this Court held, further propagate "wild conspiracy theories." (*See* Dkt. 98.)

In previously denying Goodman's motion to intervene, this Court held, "as Mr. Goodman admits that he is Defendant's 'sole owner and employee,' his interests are already adequately represented in the suit." (Dkt. 151 at 16.) Nothing has changed since that decision and Goodman should not be allowed to intervene well after the conclusion of this case. As a non-party, Goodman also lacks standing to bring this baseless Rule 60 Motion. Thus, Plaintiffs The National Academy of Television Arts and Sciences, Inc. ("NATAS") and Academy of Television Arts & Sciences ("ATAS") (together, the "Academies") respectfully submit it should be denied in its entirety.

II.  **RELEVANT PROCEDURAL HISTORY AND FACTS**

In the interest of brevity, for a full recitation of the relevant procedural history and

facts, the Academies respectfully refer the Court to their Motion for Default Judgment. (Dkts. 142-144, 152.)

## III.   ARGUMENT

### A.   Again, Goodman's Motion to Intervene Must Be Denied

Goodman previously sought to intervene in this action on February 3, 2022. (Dkt. 148.) This Court denied Goodman's intervention motion. (Dkt. 151.) Now, in his Rule 60 Motion, Goodman effectively regurgitates the argument set forth in his memorandum of law in support of his original motion to intervene. (Dkt. 149.) To the extent cognizable, Goodman maintains that he and MSD are interchangeable. Yet, as this Court already held, MSD's "inability now to retain counsel does not alter" the fact that Goodman's "interests are already adequately represented in the suit." (Dkt. 151 at 16.) This Court's prior decision denying Goodman's motion to intervene cannot and should not be overturned.[1]

Goodman also baselessly argues that non-party D. George Sweigert ("Sweigert") is somehow involved in this action and that allegedly entitles Goodman to intervene now. As this Court has found, Goodman maintains an "ongoing feud with [Sweigert] that plays out, among other places, on the internet and via federal court litigation." (Dkt. 156 at 1) (citing *Sweigert v. Goodman*, No. 18-CV-8653 (VEC) (SDA) (S.D.N.Y. 2022)) ("*Sweigert v. Goodman* Action.") This Court has characterized the *Sweigert v. Goodman* Action as a "frivolous dispute between two litigants whose voluminous court filings rehash their incomprehensible and illogical online

---

[1] Goodman failed to properly seek relief from the Court's denial of his motion to intervene. Goodman could have filed a motion for reconsideration, but his time to do has expired. Local Civil Rule 6.3 provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Likewise, Goodman's time to appeal this Court's decision denying him intervention has passed. *See* Fed. R. App. P. 4(a).

conspiracy theories." Memorandum Order at 1, *Sweigert v. Goodman,* No. 18-CV-8653 (VEC) (SDA), 2019 WL 11662227, at *1 (S.D.N.Y. Aug. 20, 2019), Dkt. 156. Ultimately, this Court dismissed each of Sweigert's claims with prejudice, and the *Sweigert v. Goodman* Action was closed on March 1, 2022. *See* Memo Endorsement at 2, *Sweigert v. Goodman,* No. 18-CV-8653 (VEC) (SDA), Dkt. 381. This action centered on MSD's infringement of the Academies' intellectual property rights, not Goodman and Sweigert's disputes. Goodman's attempt to intervene in this action therefore remain inappropriate, and his motion should be denied.

**B.   Goodman's Motion to Vacate the Default Judgment Against MSD Must Be Denied**

Goodman's entire motion seems to be postured under Fed. R. Civ. P. 60(b)(3) and, in addition to intervention, seeks to have the default judgment against MSD vacated. Fed. R. Civ. P. 60(b)(3) authorizes a court to grant a motion to relieve *a party* from a final judgment, order, or proceeding because of fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3); *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004). Goodman, who is not a party to this action, lacks standing to move to vacate the default judgment issued against MSD.[2]

Even if Goodman had standing to move under Fed. R. Civ. P. 60(b), relief under this rule is "generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted). Moreover, a "Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations, and to prevail a movant must show that the

---

[2] Likewise, Goodman lacks standing to make substantive arguments about fair use and Section 230 of the Communications Decency Act. As Defendant, MSD could make those claims. Yet, default was properly entered against MSD because a corporation cannot represent itself *pro se*. (*See* Dkt. 157.)

4

conduct complained of prevented [him] from fully and fairly presenting his case." *Entral Grp. Int'l, LLC v. 7 Day Café & Bar*, 298 F. App'x 43, 44 (2d Cir. 2008) (cleaned up).

Here, Goodman failed to meet his burden to establish fraud, misrepresentation, or misconduct by clear and convincing evidence. *See Mastini v. American Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir. 1966) (allegations of fraud in patent infringement case were not substantiated to level of clear and convincing evidence); *Sec. & Exch. Comm'n v. Penn*, No. 14-CV-581 (VEC), 2019 WL 12275915, at *3 (S.D.N.Y. Jan. 3, 2019) ("Because Penn has not demonstrated how either he or this Court was defrauded or otherwise the victim of SEC misconduct, Penn's request for relief under Rule 60(b)(3) is denied."). Instead of providing "clear and convincing evidence" of misrepresentations or misconduct—because no such evidence exists—Goodman offers unsubstantiated conspiracy theories and *ad hominem* attacks involving Your Honor and non-party Adam Sharp, President and CEO of NATAS. As detailed above, Goodman also makes irrelevant and unsubstantiated allegations involving non-party Sweigert. In short, Goodman cannot and does not meet the high burden set by Fed. R. Civ. P. 60(b), and his Rule 60 Motion fails on the merits. *See, e.g., Stuyvesant v. Conway*, No. 1:03-CV-03856 (JLR), 2023 WL 348469, at *3 (S.D.N.Y. Jan. 20, 2023) (in denying a Fed. R. Civ. P. 60(b)(3) motion, the court held that "conclusory allegations that the Judges engaged in fraud are insufficient . . . and in any event, the rule applies to fraud by an opposing *party*, not the Court.").

**IV.    CONCLUSION**

In light of the foregoing, the Academies respectfully request that the Court deny Goodman's Rule 60 Motion in its entirety and with prejudice.

Dated:  February 8, 2023

Respectfully submitted,

FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER LLP

  /s/Margaret Esquenet
Margaret Esquenet, Esq. (*pro hac vice*)
B. Brett Heavner, Esq. (*pro hac vice*)
Mary Kate Brennan, Esq.
901 New York Avenue NW
Washington, DC 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

margaret.esquenet@finnegan.com
b.brett.heavner@finnegan.com
marykate.brennan@finnegan.com

*Attorneys for the Academies*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on February 8, 2023.

Electronic copies will be sent to Mr. Jason Goodman at truth@crowdsourcethetruth.org.

Paper copies will be sent to the following address via First Class Mail:

> Jason Goodman
> 252 7th Avenue #6s
> New York, NY 10001

/s/ *Seth D. Katz*
Seth D. Katz
Case Manager