IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NATIONAL ACADEMY OF TELEVISION ARTS AND SCIENCES, INC. and ACADEMY OF TELEVISION ARTS & SCIENCES<br><br>Plaintiffs,<br><br>v.<br><br>MULTIMEDIA SYSTEM DESIGN, INC. d/b/a "CROWDSOURCE THE TRUTH",<br>            Defendant<br>JASON GOODMAN<br>            Proposed<br>            Defendant-Intervenor | Case No.: 20-cv-07269-VEC-OTW<br><br>**RESPONSE TO THE ACADEMIES' OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR JASON GOODMAN'S MOTION FOR RELIEF FROM JUDGMENT** |

    Proposed Defendant-Intervenor Jason Goodman, by and for himself pro se, respectfully submits this response to the Academies' opposition to the motion for relief from judgment. The plaintiffs have completely failed to address the clear and convincing evidence of newly discovered fraud that is the basis for the motion pursuant to FRCP Rule 60(b)(3). Plaintiffs instead argue that Goodman's motion to intervene should be denied, which it already has. They do not address the matter of them naming the identical false entity imagined by non-party David George Sweigert ("Sweigert"), Multimedia System Design, INC., d/b/a/ Crowdsource the Truth ("MSDI"). They do not explain how they arrived at the incorrect conclusion that somehow this unrelated, fictional entity is the appropriate defendant and Goodman is not. This non-existent entity was imagined by Sweigert and provided to plaintiffs to create a legal trap intended to force

RESPONSE TO THE ACADEMIES' OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR JASON GOODMAN'S MOTION FOR RELIEF FROM JUDGMENT - 1

Goodman to hire a lawyer to defend a corporation that has no responsibility for Goodman's internet posts. Sweigert is the same individual alleged to have sent an email from a fraudulent address that was the genesis of this action. Sweigert is also the same individual who harassed defendant's attorney until he withdrew. These critical facts are dismissed by plaintiffs as "conspiracy theory" because addressing them would cause their sham litigation to collapse.

Plaintiffs' opposition also failed to address the newly discovered fraud that is Adam Sharp ("Sharp") choosing to wait more than three weeks to file a complaint with YouTube. If the alleged infringement was so damaging to plaintiffs' valuable trademark, there is no logical reason for a nearly one-month delay. It can only be explained as a deliberate decision calculated by Sharp to harm Goodman. This hypothesis is strengthened by the fact that plaintiffs refused to entertain an option that would have removed the alleged infringement but allowed Goodman to continue broadcasting. Just one week after Goodman's appeal reinstated his ability to broadcast, plaintiffs brought this legal action. This was not done to cure the alleged injury, but rather to prevent broadcasting. That allegation is strengthened by the fact that plaintiffs published the alleged infringement in the Hollywood Reporter, giving infinite life online to an image they claim they wanted removed. https://www.hollywoodreporter.com/business/business-news/television-academy-sues-after-emmy-statuette-given-coronavirus-4055811/

None of this makes logical sense if plaintiffs actually wanted the image removed from the internet. It only makes sense when considered in the context of plaintiffs wanting to stop Goodman from broadcasting and to smear Goodman. Irrefutable evidence indicates plaintiffs' actions were strategically calculated to harm Goodman. This also explains why plaintiffs do not attempt to refute the claims, they simply cannot. Plaintiffs' failure to address the allegations and

RESPONSE TO THE ACADEMIES' OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR JASON GOODMAN'S MOTION FOR RELIEF FROM JUDGMENT - 2

provide a logical alternate explanation for the delay and other anomalies should be construed as an admission of guilt and prima facie evidence the allegations are true. Plaintiffs' initial delay and then rush to litigation can only be explained by their desire to place YouTube's ninety-day penalty within the timeframe that would prevent Goodman broadcasting during the 2020 presidential election and then to quickly curtail Goodman's efforts to reinstate broadcasting.

Contrary to plaintiffs' fallacious statement, Goodman has not argued that Sweigert "is somehow involved in this action and that allegedly entitles Goodman to intervene now." Goodman has very specifically alleged that Sweigert calculated a scheme in cooperation with plaintiffs to send a fraudulent email intended to create a false pre-text for a copyright complaint on YouTube. Goodman further alleges Sweigert advised plaintiffs that Goodman was an effective pro se defendant and therefore successfully disrupting him would require suing a corporation he owned and then harassing any attorney he might hire to force that attorney to withdraw. This was all calculated to deny Goodman due process and cheat the system with a sophisticated fraud on the court. Plaintiffs cooperated with Sweigert throughout this action to disrupt Goodman, harass defendant's attorney into withdrawal, and to gain an unfair advantage.

Goodman's allegations are true and correct and plaintiffs cannot refute them because they could have only learned of the existence of the fake, false entity from Sweigert. Even if the false entity is construed by the Court to be the real corporation owned by Goodman, that entity does not own or have liability for the intellectual property at controversy in this action. Goodman's former role as CEO of that entity does not transfer liability to it with regard to his postings on the internet or intellectual property he creates. This is sham litigation intended to harm Goodman and has been nothing more from the outset. Plaintiffs' opposition response fails to address these

RESPONSE TO THE ACADEMIES' OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR JASON GOODMAN'S MOTION FOR RELIEF FROM JUDGMENT - 3

substantial facts because they have been caught in the act of committing fraud on the court in their effort to deprive Goodman of his first amendment rights and due process under the law.

Plaintiffs further argue that Goodman has "failed to meet his burden to establish fraud, misrepresentation, or misconduct by clear and convincing evidence" but this is nothing more than a conclusory judgement by them. Plaintiffs have failed to explain the three-week delay in issuing their initial YouTube complaint. They have failed to explain how they learned of MSDI, and they have failed to explain who sent the email that alerted them to the alleged infringement.

The conclusion that Goodman has not proven fraud with clear and convincing evidence is false. Plaintiffs have also failed to explain why they did not disclose Sharp's previous relationship with Judge Caproni. Allegations of fraud, misconduct and misrepresentation are well founded and evidence already on the record will prove those allegations correct. Plaintiffs have offered only conclusory statements and the juvenile insult of "conspiracy theory" but have not refuted well-founded claims with factual evidence of their own. The three-week delay is, in and of itself, clear and convincing evidence of some motive other than the removal of the alleged infringement. Plaintiffs must be compelled to explain that delay, the republication of the image in Hollywood Reporter, how they learned of MSDI, and who sent the initial email.

Signed this 19th day of February 2023

Respectfully submitted,

Jason Goodman, Plaintiff, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

RESPONSE TO THE ACADEMIES' OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR JASON GOODMAN'S MOTION FOR RELIEF FROM JUDGMENT - 4