USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
THE NATIONAL ACADEMY OF TELEVISION  :
ARTS AND SCIENCES, INC. and ACADEMY  :
OF TELEVISION ARTS & SCIENCES,        :
                                      :
                          Plaintiffs,  :          20-CV-7269 (VEC)
                                      :
            -against-                  :          ORDER
                                      :
MULTIMEDIA SYSTEM DESIGN, INC.        :
d/b/a "CROWDSOURCE THE TRUTH",        :
                                      :
                          Defendant.   :
-----------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

On September 4, 2020, the National Academy of Television Arts and Sciences and the

Academy of Television Arts & Sciences (the "Academies") sued Multimedia System Design,

Inc., d/b/a Crowdsource the Truth ("MSDI") for violating their copyright and trademark on the

Emmy statuette and for defamation. *See* Compl., Dkt. 1; *see also* Am. Compl., Dkt. 62. Thus

began unusual litigation that, on February 22, 2022, culminated in the entry of default judgment

against MSDI. *See* Dkt. 157 (the "Final Judgment").[1] The default was triggered when MSDI

failed to hire an attorney to represent it after its initial attorney was relieved. *See* Dkt. 131.

On January 24, 2023, Jason Goodman, the sole shareholder and employee of MSDI,

acting *pro se*, filed a Notice of Motion for Relief from Judgment pursuant to Fed. R. Civ. P.

---

[1]     This Court entered the Final Judgment on February 22, 2022; that same day, the Court entered a separate
order sanctioning Jason Goodman for violating the parties' protective order. *See* Dkt. 156. Mr. Goodman appealed
the sanctions order, Dkt. 158; his appeal remains pending before the Second Circuit. *See* No. 22-592. On January 4,
2023, Goodman sought to add the Final Judgment to his appeal. *See* Case No. 22-592, Dkt. 70-1. On January 5,
2023, the Second Circuit denied Goodman's request without prejudice to him submitting a Rule 60(b) motion with
this Court. *See id.*, Dkt. 74.

60(b)(3) and (6).  Mot., Dkt. 167.[2]  Goodman, who is not a party to this case, moves the Court to vacate the Final Judgment that was entered against MSDI, to allow Goodman to intervene in the case, and to substitute Goodman as the proper Defendant.  *See id.*

Local Rule 6.3 of this Court provides that a motion for reconsideration of a court order shall be served within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment."  *See* Local Rule 6.3.  If a motion for reconsideration is untimely under the Local Rules, the court may treat it as a motion for reconsideration under Fed. R. Civ. P. 60(b), which must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."  *See Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (treating an untimely motion for reconsideration as having been filed under Rule 60(b)).  Although Goodman's notice of motion was untimely under Local Rule 6.3, it was timely under Rule 60(b).

Rule 60 permits a court, in its discretion, to rescind or amend a final judgment or order in limited circumstances.  *See Cole v. Leverett*, 2012 WL 527011, at *1 (E.D.N.Y. Feb. 15, 2012). Rule 60(b)(3) provides that a court may "relieve a party . . . from a final judgment [or] order" if there was "fraud . . . misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  The Court may also relieve a party based on "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6); and nothing in Rule 60 limits "a court's power to . . . set aside a judgment for fraud on the court," Fed. R. Civ. P. 60(d)(3).

---

[2]    MSDI impleaded Goodman into this case; Goodman and MSDI then asserted a variety of counterclaims against the Plaintiffs.  *See* Dkt. 45.  The counterclaims were dismissed on July 30, 2021; that decision operated to dismiss Goodman from the case.  *See* Dkt. 98.  On February 3, 2022, Goodman moved to intervene, one year and five months after this lawsuit was commenced.  *See* Dkt. 148.  The Court denied his motion, finding, *inter alia*, that his interests were adequately represented as the sole owner and employee of the party defendant, MSDI.  *See* Dkt. 151.

The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citation omitted).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Goodman, who is not a party to this case and as to whom no judgment has been entered (beyond the dismissal of his counterclaim), provides no legal authority for his position that a non-party has standing to make a Rule 60 motion.  Putting aside that rather large barrier of lack of standing, Goodman has pointed to no legal authority or evidence that the Court overlooked in entering the Final Judgment against MSDI, nor does he allege any exceptional circumstances that might otherwise justify relief under Rule 60.  Rather, Goodman continues to peddle the same baseless arguments of fraud and misconduct against the Academies, their attorneys, and the Court as he and MSDI did during the litigation.  As before, his theories include suspicion of a conspiracy between the Academies and his long-time internet nemesis D. George Sweigert.[3]

Goodman now claims that "Multimedia System Design, Inc., DBA Crowdsource the Truth, is a fallacy invented by Sweigert and capitalized upon by Plaintiffs," who sued that company.  Mot. at 5, Dkt. 167.  Goodman's theory appears to be that although he owns a corporation named Multimedia System Design, Inc., it is "dormant" and "unaffiliated" with Goodman's YouTube activity that formed the basis for the Academies' lawsuit.  *See id.* at 1.

---

[3]      Sweigert and Goodman have jousted in court before.  *See, e.g.*, *Goodman v. Sharp et al.*, No. 21-CV-10627; *Sweigert v. Goodman*, No. 18-CV-8653.  Consistent with the hostile relationship with one another, Sweigert moved to intervene in this case or, alternatively, to appear as an amicus.  *See* Dkt. 84.  His motion was denied.  Dkt. 98.  Sweigert again sought leave to appear as an amicus, representing that the Second Circuit had allowed him to docket an amicus brief in Goodman's pending appeal.  *See* Dkt. 166.  It appears, however, that the Second Circuit has not yet decided Sweigert's motion.  *See* No. 22-592, Dkt. 98.

According to Goodman, his antagonist Sweigert "invented" a company called Multimedia System Design, Inc., DBA Crowdsource the Truth, and somehow persuaded the Academies to sue that "fictional business entity." *Id.* at 1, 5.  Goodman, for reasons lost in the mist of the conspiracy, decided to defend that company, but because the Academies named the company as the defendant, Goodman was forced to hire counsel to do so.  *See id.*

Goodman's current assertions are belied by MSDI's answer in this case (filed when it was still represented).  Although the Amended Answer denied paragraph 7 of the Complaint, which alleged that Multimedia System Design, Inc., d/b/a Crowdsource the Truth is a New York corporation, the text of the answer admitted that there is a company named Multimedia System Design, Inc., that is owned by Jason Goodman.[4]  *See* Amended Answer ¶ 7, Dkt. 45.  Nowhere did the answer mention that MSDI was defunct or that there was a doppelganger company with the same name operated by Sweigert.  Thus, the factual basis for Goodman's desire to substitute himself for MSDI as a party defendant is at odds with admissions MSDI has made previously.

Goodman's motion could be read as a belated motion for reconsideration of the Court's February 4, 2022 Order denying him leave to intervene, Dkt. 151, although that Order, which rested on the Court's conclusion that Goodman's interests were adequately represented by MSDI, is not specifically referenced as an Order he wishes to vacate.  For all of the ink spilled, Goodman has provided no new facts or law to even remotely suggest that the Court's conclusion

---

[4]     The denial focused on the assertion in the Complaint that MSDI was "doing business as" "Crowdsource the Truth."  According to the Amended Answer, that allegation was denied because "Crowdsource the Truth" is not a DBA of MSDI but is, instead, the name of a "news, information, and entertainment" talk show produced by Goodman.  Amended Answer ¶ 7, Dkt. 45.  MSDI, according to the Amended Answer, "performs back-office functions for Mr. Goodman's media business."  *Id.*

was not correct.  He certainly has presented no evidence[5] of fraud or misconduct by an adversary

or fraud on the Court.

The Court also notes that Goodman's position is perplexing: the Final Judgment in this

case is an injunction against MSDI which, according to Goodman, is defunct and has nothing to

do with his "Crowdsource the Truth" videocasts.[6]  Mot. at 1.  Assuming that is true

(notwithstanding MSDI's answer in this case), the Court is at a loss to understand how Goodman

is harmed by the existing judgment against MSDI.

In short, Goodman's motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close the open motion at docket entry 167.

The Clerk of Court is further directed to mail a copy of this Order to Jason Goodman at: 252 7th

Avenue #6s, New York, NY 10001 and to note the mailing on the docket.


**SO ORDERED.**

**Date:  February 21, 2023**
**          New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[5]      Goodman's motion for relief from the judgment promises "[n]ewly discovered evidence of fraud, misrepresentation and misconduct," Mot. at 2, Dkt. 167, but all it delivers is unfounded conspiratorial speculation. For example, Goodman asserts that recent disclosures show that Twitter executives had email communications with employees of the Federal Bureau of Investigation ("FBI") and those contacts were not disclosed by the Television Academies in this case. *Id*. at 8. That failure to disclose, he asserts, "gives rise to suspicion and warrants further investigation" because, 12 years ago, the Undersigned was an employee of the FBI and 13 years ago, Adam Sharp, Chief Executive Officer of the Television Academies, was an employee of Twitter. *Id*.

[6]      The Final Judgment also awarded the Academies attorneys' fees and costs in an amount to be determined through an inquest. Dkt. 167 at 3. The Academies have not yet submitted any statement of damages for the Court's consideration.