IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X      20-cv-07269-VEC-OTW

THE NATIONAL ACADEMY OF TELEVISION ARTS
AND SCIENCES, INC., and ACADEMY OF                          **RESPONSE TO**
TELEVISION ARTS & SCIENCES,                                 **ORDER TO SHOW**
                              Plaintiff,      **CAUSE**
                              -against-

MULTIMEDIA SYSTEM DESIGN, INC.
d/b/a "CROWDSOURCE THE TRUTH",

                              Defendant.
-------------------------------------------------------------------X

      Jason Goodman, ("Goodman") by and for himself pro se, respectfully submits the following response to the Court's Order to show cause, (Dkt. 181);

## INTRODUCTION

      1.      On November 8, 2023, without citing any violation, the Court ordered Goodman to show cause as to why, in light of the lack of a specific deadline in the standing Sanctions Order (Dkt.156), it should not be amended to include a more stringent filing requirement.

      2.      There has been no deadline since the order was issued on February 22, 2022, and this has not provoked a show cause order before now. Goodman is not accused of disobeying the Court, and by the text of the Order, it was issued sua sponte. The real motivation, however, lies in the subtext which is now finally recorded on the docket. A previously hidden agenda has been revealed by a malicious filing (Dkt. 180) from non-compliant non-party, David George Sweigert, ("Sweigert"). What is far more troubling, is Judge Caproni's "dog that didn't bark" response.

      3.      Sweigert violated multiple existing orders, (See Dkt. Nos. 119, 127, and 135), FRCP Rule 11, and he committed perjury when he filed a scurrilous letter motion that included known false statements maliciously entered and solely intended to harm Goodman, (Dkt. 180).

RESPONSE TO ORDER TO SHOW CAUSE                                                                            1

4.      Sweigert is a repeatedly non-compliant, vexatious non-party who fatally disrupted these proceedings when he deliberately destroyed Goodman's relationship with his attorney, as cited in the Declaration of John H. Snyder (Dkt. 102-2).  Judge Caproni took no action.

5.      On September 8, 2021, Judge Caproni warned, "[b]ecause Mr. Sweigert is not a party in this action, the Court will not consider the documents filed at docket entries 115 or 116," (Dkt. 119).  On November 2, 2021, Sweigert was reminded, "[a]s Mr. Sweigert is not a party to this case, the Clerk of Court is respectfully directed to strike docket entry 125 from the record" (Dkt. 127).  Finally, on November 24, 2021, Judge Caproni admonished non-party Sweigert only slightly more sternly saying, "[a]s Mr. Sweigert is not a party to this case, the Clerk of Court is respectfully directed to strike docket entry 133 from the record. **Mr. Sweigert is directed not to file anything further in this matter** [emphasis added]," (Dkt. 135).

6.      Despite these warnings, Sweigert was not sanctioned or even politely reminded to comply with orders upon filing the malicious letter that prompted this Show Cause Order.  The Court offers no explanation for contradicting its own order, (Dkt. 135) while entertaining the false claims in an inappropriate filing from a serially non-compliant, non-party. (Dkt.180).

7.      The mere proposal of further sanctioning Goodman while he is in compliance, without applying sanctions to the extraordinarily disruptive, non-compliant, non-party Sweigert after a fourth violation is a bold demonstration of unfair bias that can no longer be ignored.  Judge Caproni's assistance with and support of Sweigert's harassment throughout this case and prior to its outset occurred outside all jurisdiction and violated Goodman's constitutional rights.

8.      Judge Caproni has assisted plaintiffs and Sweigert in denying Goodman's fourteenth amendment rights to equal protection under the law and his right to a fair trial.  This was all done to deny Goodman's first amendment right to publish journalism and parodies on the

RESPONSE TO ORDER TO SHOW CAUSE                                                                                 2

internet.  Judge Caproni's illegal actions against Goodman violated her oath of office, the Canons of Judicial Conduct, and the United States Constitution, giving rise to the accompanying motion to vacate void judgments, including the order to show cause that mandated this response.

## THE ORDER SHOULD NOT BE AMENDED

For the following reasons, the Sanctions Order (Dkt. 156) should not be amended;

### I. GOODMAN DID NOT VIOLATE THE ORDER

9. No violation was cited in the show cause order, (Dkt. 181) and no violation occurred.  Sanctions are normally used to compel non-compliant litigants to adhere to the rules and follow orders.  In this case, Goodman was already doing that, so additional or more restrictive sanctions should not be applied.  Sanctioning compliant litigants is counterproductive and would incentivize rule breaking.  Compliant parties cannot be sanctioned, lest the Court undermine its own authority.  The mere threat of sanctions against a complaint party in response to a motion by a non-compliant non-party undermines the Court's power by arbitrarily prioritizing certain orders over others and granting rights to non-compliant non-parties that exceed those of compliant but wrongfully excluded Real Party Defendant in Interest, Goodman.

### II. AMENDMENT WOULD NOT IMPROVE COMPLIANCE

10. Amendment would be futile because Goodman has been compliant throughout the duration of the sanctions which toll in less than three months.  Amending now would not improve compliance and would at least present the appearance of unequal enforcement.  The Court cannot justify counterproductive action taken against a compliant party at the behest of a serial rule breaker who has already had an inappropriate influence on the outcome of this case.

11. Judge Caproni's ongoing failure to sanction Sweigert for his repeated, malicious disruption of this case can no longer be ignored.  Judge Caproni has allowed Sweigert to defy the

the rules, the law, and all accepted norms of litigation and social behavior, while sanctioning Goodman for complying. This is an inexcusable and undeniably clear demonstration of bias against Goodman, in favor of parties adverse to Goodman, and weighs against amendment.

### III.     THE ORDER CANNOT BE AMENDED BECAUSE IT IS VOID

12.     Pursuant to FRCP Rule 60(b)(4), the Sanctions Order, (Dkt. 156) is void as is the Show Cause order, (Dkt. 181) and all other orders in this matter because Judge Caproni has participated in a fraud upon the court as fully set forth in the accompanying motion to vacate.

13.     "The law is well-settled that a void order or judgement is void even before reversal", *VALLEY v. NORTHERN FIRE & MARINE INS. CO.*, 254 U.S. 348,41 S. Ct. 116 (1920) "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal."

*WILLIAMSON v. BERRY*, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850).

### CONCLUSION

For the reasons stated herein, and any other reasons as determined by the Court, the Sanctions Order should not be amended.

Dated: New York, New York November 28, 2023

Respectfully submitted,

Jason Goodman
Pro Se Real Party in Interest Defendant
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998